IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**SADIQ CALLOWAY,**

                Petitioner,

v.                                       **Criminal Action No. 5:22-CV-177**
                                              Judge Bailey

**WARDEN LOVETT,**

                Respondent.

## ORDER DISMISSING CASE

Pending before this Court on initial review is petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241. In his petition, Mr. Calloway seeks an order releasing him to a halfway house.

Mr. Calloway was convicted of possession of a detectable amount of heroin with intent to distribute, pursuant to 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) (Count 1); using and carrying a firearm during and in relation to a drug trafficking crime, and possessing that gun in furtherance of the crime, pursuant to 18 U.S.C. § 924(c)(1)(A) (Count 2); and possessing a firearm and ammunition after having been convicted of a felony, pursuant to 18 U.S.C. § 922(g)(1) (Count 3). *United States v. Calloway*, 571 Fed.Appx. 131, 132 (3d Cir. 2014). Mr. Calloway's projected release date is June 9, 2023.

Mr. Calloway's petition is without merit. The ultimate decision regarding home confinement lies with the Bureau of Prisons ("BOP"), pursuant to the CARES Act, which allows the BOP to lengthen the amount of time that a person may be on home confinement

from its previous maximum of the shorter of ten percent of a term of imprisonment or six months.

Title 18 U.S.C. § 3624(c)(1), or the Second Chance Act ("SCA"), provides: The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.

The Director of the BOP also has the authority to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). The SCA does not create "an enforceable entitlement" to any particular form of pre-release custody, but rather provides "merely an authorization ... for non-prison confinement." **Prows v. Fed. Bureau of Prisons**, 981 F.2d 466, 468–70 (10th Cir. 1992).

To make determinations regarding pre-release custody, the BOP considers, among other factors, "any statement by the court that imposed the sentence [ ] concerning the purposes for which the sentence to imprisonment was determined to be warranted; or [ ] recommending any type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4). While a sentencing court may recommend that an offender be placed in a particular facility or program, the BOP retains the ultimate authority to make placement decisions. **Tapia v. United States**, 564 U.S. 319, 331 (2011) (citing 18 U.S.C. § 3582(a)); **United States v. Williams**, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020) (Bredar, J.)

(emphasizing that "it is inherently the authority of the Bureau of Prisons to transfer an inmate to home confinement, pursuant to 18 U.S.C. § 3624(c)").

Courts are split regarding whether a sentencing court may make such a recommendation after the sentence has been imposed. *See generally* **United States v. Reavis**, 2018 WL 2376511, at *1–2 (E.D. Wis. May 23, 2018) (collecting cases); **United States v. Doshi**, 2020 WL 1527186, at *1 (E.D. Mich. Mar. 31, 2020) (supplementing recommendation made at time of sentencing "in light of the interplay of changing circumstances and factors [due to COVID-19] and factors considered at sentencing").

This Court, however, is not the sentencing court.

Inasmuch as this Court lacks jurisdiction to order that Mr. Calloway be placed in a halfway house or even to make a recommendation concerning the same, this petition must be dismissed.

Accordingly, petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 **[Doc. 1]** is **DISMISSED WITHOUT PREJUDICE**. The Clerk is hereby **DIRECTED** to **STRIKE** the above-styled matter from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and mail a copy to the *pro se* petitioner.

**DATED**: July 21, 2022.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE